**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | **Civil Action No. ___** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **JOHNS HOPKINS UNIVERSITY *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER**

Plaintiff Jane Doe (hereinafter referred to as "Plaintiff," "Jane Doe" or "Doe"), by and through her attorneys, Nesenoff & Miltenberg, LLP and Smithey Law Group LLC, hereby seeks an Order granting permission to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. Defendant Johns Hopkins University ("JHU" or the "University") committed multiple procedural violations and deprived Plaintiff of a fair process when investigating and adjudicating false charges of academic misconduct brought against Plaintiff during what should have been her final semester. The University found Plaintiff responsible following a biased and unfair administrative process after two professors, both Defendants to this action, recorded Plaintiff without her knowledge or consent, and continued to tarnish the record with fabricated and mischaracterized evidence, in violation of not only JHU's policies and procedures, but also Maryland law. Plaintiff attempted to defend herself, but was not given adequate time to respond meaningfully to the allegations and was not given the same considerations as Defendants.

Ultimately, after a procedurally flawed hearing and rehearing, Plaintiff was erroneously found responsible for violating JHU's policies, which resulted in the delayed issuance of her rightfully earned undergraduate degree, a permanent "FEV" notation on her official transcript, and the loss of a job opportunity.

Doe is seeking to have the erroneous findings and sanctions reversed and removed from her record, along with other relief. In light of the highly sensitive nature of this information, and given Plaintiff intends to apply to medical school, Plaintiff is justifiably concerned about the potential irreparable harm, not only to her reputation, but also to her livelihood. If the underlying findings are publicly revealed, Doe will be unable to continue her education and obtain gainful employment. Prior to these allegations, Plaintiff had a near perfect record, received almost all A's, and scored in the 98th percentile on the MCAT. JHU delayed conferring her degree due to the charges of misconduct, and therefore she has already been delayed in applying to medical school by at least a year. Plaintiff should be allowed the opportunity to clear her name without further sullying her reputation by allowing public access to her identity. Accordingly, Plaintiff respectfully moves for leave to proceed under the pseudonym "Jane Doe".

## STATEMENT OF FACTS

The statement of facts pertinent to this Motion is provided in the simultaneously filed Complaint and the attached Declaration of Jane Doe, which together detail the nature of the matter involving false and insupportable accusations of academic misconduct, resulting in an egregious miscarriage of justice committed against Plaintiff by JHU and its employees throughout the administrative process. As discussed below, these facts satisfy the legal criteria for filing and proceeding under a pseudonym.

## ARGUMENT

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10 (a), 17 (a) (1); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has recognized that in "appropriate circumstances anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James,* 6 F.3d at 238.

The Fourth Circuit has identified five non-exhaustive factors for district courts to consider when deciding motions to proceed by pseudonym: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (quoting *James*, 6 F.3d at 238).

## I. <u>Allegations of Cheating and Dishonesty Are a Highly Personal and Sensitive Matter</u>

In deciding whether to allow a party to proceed by pseudonym, one factor that the Court is to assess is whether the case involves matters of a "sensitive and highly personal nature." *James,* 6 F.3d at 238.

The underlying facts in this case relate mainly to allegations of academic misconduct brought by the University against Plaintiff. Ultimately, Doe was erroneously found responsible and sanctioned by JHU. Doe denies that she engaged in any form of misconduct and through this litigation, seeks to minimize the harm caused by JHU's wrongful determination that she engaged in academic misconduct, and to prevent further harm. Requiring Doe to proceed under her real name would cause the precise harm that she seeks to avoid.

In light of the nature of this case, details will cast Doe in a negative and unfair light, tarnishing her reputation. Moreover, the reason for bringing the lawsuit is to restore Doe's good name. If Doe is required to disclose her identity in this litigation, even if JHU is found at fault, the harm would already be done. Doe's name will forever be publicly associated with allegations of academic misconduct, which will harm her medical school application process and future employment opportunities.

Since the interests at play here are of a highly sensitive nature, this factor weighs heavily in favor of anonymity. Doe is seeking in this litigation to have her good name restored. If her name is public, then she can never be made whole because this sensitive and prejudicial information will be published in the public arena and the damage will have already been done.

## II. <u>The Identification of Doe Poses Potential Retaliatory Physical and Mental Harm</u>

The second factor likewise weighs in Doe's favor. If her identity is disclosed, Doe could be targeted for retaliatory physical or mental harm based solely on the accusation of academic misconduct. There is no doubt that accusations of academic misconduct are sufficient to tarnish a reputation. It this instance, JHU erroneously found Doe responsible for plagiarism, cheating, and lying, in violation of the University's Homewood Undergraduate Academic Ethics Policy. Thus, even if the Court finds that Doe was not afforded a fair and unbiased process, that does not change

the damage done if her request for anonymity is denied. Doe's academic records will be required for her medical school applications which will cause a cascade of prejudice, further impacting her for years to come, both when she attends medical school and when she is seeking employment. JHU's wrongful determination would precede her and would in turn jeopardize her physical and mental health as a result.

## III. Doe Is a Young Adult

Doe just recently graduated and while she is a young adult, some courts have recognized that college students over the age of eighteen may nevertheless retain some of the immaturity associated with adolescence. *See Yacovelli v. Moeser,* 2004 U.S. Dist. LEXIS 9152, at *24 (M.D.N.C. May 20, 2004); *Student A v. Liberty Univ., Inc.*, 602 F. Supp. 3d 901, 919-20 (W.D. Va. 2022). Accordingly, while this factor does not weigh in favor of permitting Doe to proceed anonymously, neither should it weigh against anonymity.

## IV. The Lawsuit Is Against a Private Party

Courts also examine whether the lawsuit is against a governmental or private party. Courts are more likely to permit a plaintiff to proceed under a pseudonym when challenging the government or governmental activity than when accusing a private party of wrongdoing, because an action against a private party may result in reputational harm. *Yacovelli,* 2004 U.S. Dist. LEXIS 9152, at *8, *see also See Doe v. Alger*, 317 F.R.D 37, 41 (W.D. Va. 2016). Here, JHU, a private university, is being sued as the entity responsible for the allegedly flawed disciplinary process. Although JHU is a private party, this factor should be afforded little weight because the concerns regarding reputational harm to an individual private defendant are not implicated to the same degree here.

## V. There Is No Risk of Unfairness to Defendants

Allowing Doe to proceed under a pseudonym will not inhibit Defendants from defending themselves against the allegations raised by Doe in this suit. JHU is well aware of Doe's identity, as it conducted an investigation, hearings and appeal processes during which her identity was disclosed. Therefore, permitting Doe to remain anonymous will not result in any prejudice to Defendants. This factor therefore also weighs in favor of Doe's request to keep her identity confidential.

## VI. The Court May Consider Other Factors

Courts have permitted pseudonymous litigation where disclosure could result in significant damage to a plaintiff's professional reputation. *See Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 468-69 (E.D. Pa. 1997). Courts have further recognized a public interest in maintaining confidentiality where disclosure could deter similarly situated individuals from pursuing litigation to vindicate their rights. *Id.* at 468.

Here, Plaintiff's identity has been limited to JHU's university proceedings and has not been disclosed to the public. Public disclosure of her identity may cause significant damage to her professional reputation. Additionally, maintaining Plaintiff's confidentiality in this proceeding will reduce the risk of a chilling effect on other JHU students seeking to vindicate their rights in similar circumstances.

In addition to the foregoing, pseudonymity is warranted where JHU's actions have left Plaintiff with no option but to commence a litigation. JHU violated their own policies and procedures which led to the erroneous outcome and sanctions. Plaintiff also has evidence that the individual Defendants made misrepresentations during the investigation in order to gather evidence against her and support their charges before Plaintiff even knew they suspected her of cheating and plagiarism.

The public interest in this case centers on Defendant JHU's institutional conduct; specifically its student conduct investigation and adjudication processes, including its administrative reliance on illicitly intercepted communications. Even if JHU claims to have concerns about its reputation, those concerns should not deter the Court from granting Doe privacy throughout this litigation.

While the public interest in Plaintiff's privacy and career preservation is high, the public interest in Plaintiff's specific name is non-existent. The public would gain nothing meaningful from knowing Plaintiff's true identity. Conversely, by allowing the matter to proceed under a pseudonym, the Court can openly litigate and rule on the critical legal questions without destroying an aspiring student's medical career before a decision on the merits has been made.

Plaintiff does not have ulterior motives in requesting anonymity as her only motive is to seek narrow protection to protect her privacy and reputation throughout this lawsuit. Disclosure of her name would publicly connect her to false claims that she is dishonest, which will greatly impact her future success in the medical field. Fears that she will be unfairly assessed by schools, professional boards, and employers, and that her future will be impacted, are not routine reputational discomfort — she will suffer actual harm in both her future education and career prospects should her identity be revealed.

**CONCLUSION**

For the above stated reasons, the Court should allow Doe to proceed anonymously in this action and for the duration of this litigation.

**Dated: September 12, 2026**

**SMITHEY LAW GROUP LLC**

**/s/ David M.E. Moon, Esq.**
David M.E. Moon (Bar No. 20407)
Timothy M. Hartman (Bar No. 31422)
706 Giddings Avenue, Suite 200
Annapolis, Maryland 21401
Phone: (410) 919-2990
Fax: (410) 280-1602
david.moon@smitheylaw.com
timothy.hartman@smitheylaw.com

***Counsel for Plaintiff***